CHARLES J. SCHUCK, Judge.
On March 14, 1945, and for some time prior thereto, the claimant, Appalachian Electric Power Company, had been engaged in the business of furnishing electric power to the community and city of Welch, as well also as to the Welch Emergency Hospital, a state-owned institution. The poles, elec'ríe lines, and transformers of claimant were located over and upon a right-of-way controlled by the state road commission and for the construction of his equipment the claimant had theretofore obtained the permission of the said commission in order that electricity might be supplied to the said state emergency hospital.
On the day in ques'ion a crew of the state road commission was engaged in making repairs on what is known as Stewart street in the said city of Welch and during the said operation was obliged to heat tar, contained in barrels, for he purpose of *249 spreading the said material on the street in question. An employee of the said street crew, not heeding the instructions given him by his superior to keep the barrels of tar in question far enough away from the poles and equipment of claimant, started a fire under the said barrels when they were located about fifteen feet from the said transformers; the fire under the barrels became so intense, as to cause the tar to overflow and explode, setting fire to the poles and transformers in question then belonging to claimant. The employee in question frankly admits his failure to follow the instructions of the foreman and says that had the tar been heated at a place of safety the destruction of the property in question would not have occurred, (record p. 20). The foreman also testifies that he had given the said instructions, but that they were not heeded.
Under the circumstances, it is obvious that the employee in starting the fire at the place near claimant’s equipment was guilty of such negligence as to warrant .an award, since it is conceded that the claimant had a full right to the use of its poles, wires, transformers, and equipment at' the place and points where they had been constructed, and used for the purpose of furnishing electricity and light to the hospital in question. The claim is in the amount of $252.06, as shown by the evidence and has heretofore been recommended for payment by the state road commission and approved for payment by the office of the attorney general.
We are of the opinion that the claimant is entitled to an award in the amount of two hundred and fifty-two dollars and six cents ($252.06), and so hold.